# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, v. ELSIE PADILLA-CABAN, **Defendant**. | **Criminal No**. 13-512 (FAB) |

### MEMORANDUM AND ORDER

BESOSA, District Judge.

On January 4, 2014, defendant Elsie Padilla-Caban filed a motion to dismiss the indictment for selective prosecution. (Docket No. 23.) Claiming that "it appears that regarding some particular beneficiaries here in Puerto Rico, the U.S. Attorney has decided to file criminal charges[] instead of following the administrative proceedings for review of benefits," defendant warns of the possibility that she has been deprived of the equal protection of the law. Id. at p. 2 & 4. She requests that (1) the U.S. Attorney's Office provide statistical information regarding fraud cases and the decision process utilized to determine whether to pursue administrative proceedings or criminal prosecutions; and (2) that "this Honorable Court [] determine if a similarly situated defendant has been deprived of the constitutional protection." Id. at pp. 4–5.

The executive branch has the general power to determine which laws to enforce and against whom to enforce them. United States v.

Armstrong, 517 U.S. 456, 464 (1996).  Prosecutorial conduct, although broad, "is not unfettered."  Wayte v. United States, 470 U.S. 598, 607 (1985).  "[A] prosecutor's discretion is subject to constitutional constraints," one of which is imposed by the Equal Protection Clause of the Fifth Amendment and prevents a prosecutor from deciding whether to prosecute a person based on "an unjustifiable standard such as race, religion, or other arbitrary classification."  Armstrong, 517 U.S. at 464 (internal quotations omitted).  The Supreme Court of the United States has explained that:

> [a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. Our cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one.

(internal citation omitted). Id. at 463-64.  To prove a selective prosecution claim, "a criminal defendant [must] introduce 'clear evidence' displacing the presumption that a prosecutor has acted lawfully."  Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 489 (1999) (citing Armstrong, 517 U.S. at 463-65). Accordingly, the defendant must offer clear evidence that the government's decision to prosecute (1) had a discriminatory effect and (2) was motivated by a discriminatory purpose.  Armstrong, 517 U.S. at 465; see United States v. Magana, 127 F.3d 1, 8 (1st Cir. 1997) (requiring a defendant to demonstrate by clear evidence "both

that she has been singled out for prosecution when others similarly situated have not been prosecuted and that the prosecutor's reasons for doing so were impermissible" in order to prevail on her selective prosecution claim) (citations omitted).

Defendant contends that her constitutional right to equal protection under the Equal Protection Clause was violated because the government pursued a criminal prosecution against her instead of initiating an administrative proceeding to deprive her of her benefits.  She does not identify herself as a member of any particular protected class, however, or allege that the government intentionally discriminated against her because of her membership in that class.  Because she fails to offer any evidence, let alone clear evidence, that the government's decision to prosecute her had a discriminatory effect and was motivated by a discriminatory purpose, she has not satisfied the elements of a selective prosecution claim.  Accordingly, defendant has not shown that the prosecutor brought the charges against her for reasons forbidden by the Constitution, and her motion to dismiss for selective prosecution, (Docket No. 23), is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 5, 2014.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        United States District Judge